IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| ALFREDO GONZALEZ, | ) | |
| | ) | No. 22 C 6496 |
| *Plaintiff*, | ) | |
| | ) | Hon. John F. Kness, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants*. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO QUASH DEFENDANTS'
SUBPOENA SEEKING PLAINTIFF'S RECORDED CALLS**

Plaintiff, ALFREDO GONZALEZ, by his attorneys, Loevy & Loevy, respectfully submits this reply in support of his motion to quash Defendants' subpoena seeking his recorded calls, stating in support as follows:

**BACKGROUND**

Plaintiff spent more than three decades incarcerated for a crime he did not commit. Those decades were dehumanizing—he enjoyed no privacy or autonomy and had few opportunities for meaningful personal interactions. Even though he has been exonerated and released, Defendants still seek to encroach on his personal life by listening to the intimate phone calls he made while he was trying to survive his years of wrongful imprisonment. Under Rules 26 and 45, this Court has authority to limit Defendants' inquiry to phone calls that are proportionate to the needs of the case, and should do so here.

**ARGUMENT**

I. **Defendants' response confirms that these phone calls are in service of a fishing expedition.**

Defendants' response reveals what Plaintiff has maintained from the outset: Defendants seek these prison phone calls to further their fishing expedition. Defendants fail to demonstrate why these phone calls are relevant, mischaracterize Plaintiff's sworn testimony, and refuse Plaintiff's proposed commonsense solution. In doing so, they have failed to carry their burden of establishing that the benefit of these phone calls' production outweighs the cost.

1. **Defendants have failed to demonstrate why these phone calls are relevant.**

Defendants' primary argument that Plaintiff's phone calls are relevant to this litigation is that courts have found such phone calls relevant and "outcome determinative" in other cases. These cases and the phone calls in them have no bearing on the particular relevance of the phone calls in *this* case. For example, Defendants rely on *Harris v. Chicago*, 20-cv-04521 (N.D. Ill. 2021) to support their position, but it is not clear the phone calls were dispositive there. Rather, the case was decided on the undisputed facts in the record that the plaintiff caused his own injury. *See id.* at Dkt. 95-1. Significantly, the *Harris* court confined any phone call production to a "narrowed scope of one month around plaintiff's arrest and one month after plaintiff's trial," given that those were the only calls "reasonably likely to contain relevant conversations about plaintiff's damages and the circumstances of his asserted injury (tied to the circumstances of his arrest)." *See id.* at Dkt. 58.

Defendants also turn to *Bishop v. White* for support, though the court there "quashed defendants' subpoena to the extent defendants sought plaintiff's 8,000 jail phone calls in full, without barring some narrower request for some subset of the calls," finding that the "privacy interest in the calls outweighed the benefit of producing them in full." No. 16-cv-6040, 2023 WL

2

35157, at *6 (N.D. Ill. Jan. 4, 2023). The court only permitted defendants to subpoena recordings of the plaintiff's phone calls in the time near him signing his recantation affidavit and recanting at trial, thus narrowing the scope substantially. *Id.* at *2. In the third case Defendants cite, *Johnson v. Baltimore Police Department*, the plaintiff provided all the audio recordings, except one. 2022 WL 9976525, at *33 n.50 (D. Md. Oct. 14, 2022). Thus, the burden and privacy analysis were inapplicable.[1]

Defendants also fail to recognize that these cases are outliers. As discussed in Plaintiff's motion, it is well established that the possibility that a prison phone call might reveal relevant information is not sufficient to justify a subpoena. That is the case even if it is narrowed to particular individuals, like family members. *See* Dkt. 99 at 13-15. Such an argument that Defendants should be allowed to seek years-worth of Plaintiff's phone calls because in a very small number of the hundreds of other wrongful conviction cases litigated in this courthouse alone (and hundreds more in other districts), some arguably relevant evidence was obtained is unpersuasive. To the contrary, that Defendants are able to identify so few cases in which anything of any relevance was actually obtained supports Plaintiff's point: these fishing expeditions rarely result in anything of any relevance, while subjecting the plaintiffs to a severe invasion of all of their most intimate private moments with their loved ones.[2] Overbroad and speculative requests that are not tailored to the case at issue should be quashed.

---

[1] Defendants also cite two further cases that are inapposite. There is nothing to support their claim that the plaintiff in *Powell* voluntarily dismissed his case after being confronted with his jail calls—Defendants cite only the docket entry in which the case was dismissed. No. 22-cv-4123 (N.D. Ill. July 5, 2023), Dkt. 25. Nor is there any indication on the docket that the plaintiff in *Teague v. Salgado* dismissed his case as a result of prison recordings. No. 19-cv-4113 (N.D. Ill. Apr. 8, 2021).

[2] Indeed, Plaintiff could point to many cases in which the pursuit of such calls proved to be a massive waste of time. *See, e.g.*, Ex. A (City of Chicago's compelled response to Plaintiff's

In fact, although Defendants now ask this Court to give them access to hundreds of Plaintiff's calls because they are likely to contain incriminating information, they previously sought to obtain this evidence and were denied. While litigating in front of Judge Rowland in the companion case of Jose Maysonet, Plaintiff's co-defendant who filed his civil lawsuit several years earlier, these same Defendants sought Mr. Gonzalez's recorded prison calls, along with numerous other records from his prison file. Judge Rowland drastically narrowed the subpoena, granting Defendants access to Plaintiff's call logs, but none of his recorded calls. *See* Ex. B (Gonzalez's non-party motion to quash subpoena), Ex. C (order ruling on Gonzalez's motion to quash). Defendants are now attempting a second bite at the same apple. This Court should adopt Judge Rowland's ruling in *Maysonet*.

2. **Defendants mischaracterize Plaintiff's sworn testimony.**

Defendants also argue that Plaintiff's phone calls are relevant based on a misleading characterization of his testimony in the *Maysonet* litigation. In Defendants' telling, Plaintiff testified that he spoke to friends and family about his innocence and interactions with defendants. Defendants argue that this critical information will support their theories that Plaintiff actually committed the crime for which he was wrongfully incarcerated and did not suffer injuries from that wrongful incarceration, as well as Defendant Guevara's physical abuse. In support of that claim, Defendants quote a passage of Plaintiff's deposition, while omitting key testimony that both clarifies and limits the extent of Plaintiff's calls on these topics:

> Q: Okay. Did you ever talk to anybody when you were – when you were – they were calling you or you were calling them when you were in IDOC about your case?
> A: No, I don't recall.
> Q: Okay. Did you ever—you ever talk about the fact that you were innocent with any of them?

---

interrogatory, conceding that its review of thousands of phone calls resulted in defendants failing to find a single phone call in which the plaintiff said a single, incriminating thing at all).

4

>A: Yeah.
>…
>A: Okay. And who did you talk to about Detective Guevara when you were on the phone at IDOC?
>A: Family.
>Q: Okay. So that would be like your mom and your sisters and your brothers?
>A: Yes.
>Q: Any cousins?
>A: I don't –
>…
>A: -- recall.
>…
>Q: Did you have any friends that you talked to on the phone when you were in IDOC about Detective Guevara?
>…
>A: No.
>Q: Did you talk to any former – did you talk to any people that you knew that would be Latin Kings on the phone when you were in IDOC?
>…
>A: No.

*See* Ex. D at 229:5-231:10. As an initial matter, there is nothing in Plaintiff's response that indicates he was discussing the underlying facts of his case. And it is highly unlikely that at the same time Plaintiff was actively asserting his innocence and seeking to overturn his conviction, his recorded conversations with family about his "innocence," and about "Guevara," will turn out to be incriminating. In any event, the scope of these calls is thus much narrower than Defendants contend. Plaintiff testified that he talked about Defendant Guevara to his mother and siblings, not that he spoke about his case, Defendant Guevara, or his innocence to unidentified "family and friends," as Defendants claim. Any subpoena must therefore be tailored accordingly.

### II.   Plaintiff has proposed a solution that balances all parties' interests.

As Plaintiff explained in his motion to quash, Dkt. 99, there is a reasonable solution to this dispute that balances Plaintiff's privacy interests with Defendants' suspicion that the calls might contain relevant information. Defendants may identify specific calls contained in the IDOC logs that they believe occurred in the weeks or months around particular events (e.g.,

5

recanting testimony or signed affidavits) and will produce relevant information, and articulate their good-faith basis for believing so. Plaintiff will provide the phone numbers he is familiar with to Defendants to facilitate their search. This commonsense approach assures that Defendants will receive any relevant communications, prevents unwarranted intrusion to irrelevant personal matters, and does not prejudice Defendants in any way.

\* \* \*

For the foregoing reasons, the Court should grant Plaintiff's motion to quash, or in the alternative, order Defendants to issue an amended subpoena for the logs of Plaintiff's calls during his incarceration. The parties may then confer and seek the Court's assistance, as needed.

**RESPECTFULLY SUBMITTED**,

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
prossnitz@loevy.com

## **CERTIFICATE OF SERVICE**

I, Annie Prossnitz, an attorney, hereby certify that on July 21, 2023, the foregoing motion was electronically filed, which effected service on all counsel of record.

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*
