IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFREDO GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| REYNALDO GUEVARA, JOANN HALVORSEN as PERSONAL REPRESENTATIVE of the ESTATE OF ERNEST HALVORSEN, EDWARD MINGEY, STEVEN GAWRYS, LEE EPPLEN, FERNANDO MONTILLA, ROLAND PAULNITSKY, RICHARD SCHAK, ROBERT SMITKA, JENNIFER BOROWITZ, FRANK DiFRANCO, JOHN PERKAUS, the CITY OF CHICAGO, and COOK COUNTY, | ) Case No. 22-cv-06496 ) ) Hon. Judge John F. Kness ) ) Hon. Judge Heather K. McShain |
| Defendants. | ) |

## MOTION TO COMPEL DEFENDANTS FOR PRIORITY OVER THIRD PARTY DEPOSITION

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Annie Prossnitz
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312)243-5900
prossnitz@loevy.com

## INTRODUCTION

Plaintiff Alfredo Gonzalez, by and through his undersigned counsel, respectfully moves this Court to affirm that Plaintiff may question a third-party witness, Rosa Bello, first at her deposition. Plaintiff files this motion with a simple request: to apply the Federal Rules of Civil Procedure in straightforward fashion and permit Plaintiff to go forward with the deposition of a third-party witness he has prioritized for service of deposition subpoena out of the dozens of witnesses in the case.

The central dispute is questioning priority. Plaintiff's position is that he should get to go first because he subpoenaed and noticed the deposition first and second because the witness is aligned with Defendants, based on her prior testimony and Defendants' access to the witness. Even if the equities of the witness is considered, she is a witness Plaintiff will call in his case-in-chief, and so Plaintiff will be prejudiced if she becomes unavailable for trial and Plaintiff is forced to present deposition testimony in which Plaintiff was not able to question the witness first.

There is no basis to switch the order of questioning of this witness. Defendants' position is that they should have priority over this witness based on "witness alignment" and their recent, successful attempts to secure her deposition. Yet, Defendants disregard Plaintiff's own attempts to secure Ms. Bello's deposition and her present alignment in favor of Defendants.

The parties have conferred on this issue and are now at impasse.

## STATEMENT OF FACTS AND LOCAL RULE 37.2 STATEMENT

This case has been ongoing since November 2022, and discovery commenced thereafter. Dkt. 1. The parties have been working to expedite discovery, given Plaintiff's co-defendant's civil case that concerns the same subject matter, which has been ongoing since April 2018. *See Maysonet v. Guevara*, No. 18-cv-2342 (N.D. Ill.). Rosa Bello, Mr. Maysonet's former girlfriend, is a critical third-party witness in Plaintiff's case: she testified against Plaintiff at his criminal trial,

1

implicated Plaintiff in the underlying crime, and gave false statements implicating him based on improper police coercion. To ensure that Plaintiff could timely question Ms. Bello, Plaintiff prioritized serving her with a deposition subpoena and did so on May 31, 2023. Specifically, well after discovery had commenced, Plaintiff provided Defendants with notice of the subpoenaed deposition for Rosa Bello, along with proof of service. *See* Ex. 1.

Discovery in this case has proceeded slightly different than the norm. Given the existence of many completed depositions from the *Maysonet* case, the parties have worked collaboratively to adopt and incorporate much of the *Maysonet* discovery. Prior to taking any depositions, the parties conferred on this process and worked to identify which depositions the parties intended to take. Plaintiff communicated to Defendants that he intended to depose Rosa Bello, that he had served her, but that he had communicated with Ms. Bello and the notice date was a placeholder. Plaintiff further made it known that he was willing to work with Defendants and the witness to ensure that the deposition took place on a date convenient to all parties. Defendants, on their end, initially maintained that there was no need to re-depose Ms. Bello, given her deposition in the *Maysonet* case. On July 20, 2023, Plaintiff obtained a voluntary declaration from Ms. Bello, in which she explained that the police had pressured her into signing a witness statement in Plaintiff's underlying criminal case but did not wholly recant her prior testimony. *See* Ex. 2 (Declaration of Rosa Bello).

On November 3, 2023, the parties participated in a Rule 37.2 conference, during which Plaintiff explained that he was entitled to a new deposition of Ms. Bello for three reasons: (1) she had provided a new declaration; (2) she testified against Plaintiff in his criminal trial; and (3) she was questioned first by Defendants in *Maysonet*. Additionally, given that Ms. Bello resides out of state, Plaintiff expressed his need to present her deposition to a jury in the event that she is

2

unwilling or unable to attend his civil trial. In the *Maysonet* case, Ms. Bello had to be compelled to sit for a deposition and has subsequently repeatedly indicated that she does not want to be involved in Plaintiff's case and will not willingly attend any trial. In a subsequent Rule 37.2 conference on November 21, 2023, Plaintiff reiterated his request to depose Ms. Bello in this case, which Defendants conceded was necessary because of her new declaration. Accordingly, Plaintiff informed Defendants that he would contact Ms. Bello to confirm her agreement to sit for a deposition.

Communication with Ms. Bello then went dark. Over the next three months, Ms. Bello refused Plaintiff's attempts to speak with her. As a result, on February 23, 2024, Plaintiff accepted Defendants' offer to attempt to secure her deposition. On March 5, 2024, Defendants informed Plaintiff that they had successfully communicated with Rosa Bello and she had agreed to their request to sit for a deposition. On March 8, Plaintiff asked Defendants if they objected to Plaintiff questioning Ms. Bello first, given Plaintiff's original desire to depose this witness, Defendant's initial objections to doing so, and Plaintiff's efforts to secure her deposition for some time. Defendants objected to Plaintiff's priority over her deposition, citing their procurement of her deposition and her latest adverse declaration to Defendants. The parties conferred regarding this matter via video-conference on March 15 and found themselves at impasse. This motion follows.

## ARGUMENT

Plaintiff has served the witnesses at issue first, and in order to meet his burden of proof is likely to call this witness in his case in chief. Every legal principle that potentially applies here justifies Plaintiff questioning Ms. Bello first. Accordingly, this Court should affirm that Plaintiff may question Ms. Bello first at the deposition.

### I. Plaintiff Served First and So Should be Permitted to Question Ms. Bello First.

Plaintiffs' position is simple: Plaintiff has prioritized and served Ms. Bello first, and he

3

should be able to question her first. Courts adjudicating similar disputes have appropriately rewarded the diligence of the party that has gone out and perfected service of a subpoena on a witness, allowing them to question first. *See, e.g.*, *Occidental Chem. Corp. v. OHM Remediation Services*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996) (holding that where two subpoenas were served, the first served took priority). Plaintiff seeks to apply that simple principle here, as he served Ms. Bello in May 2023, nearly ten months ago. After a pause during which the parties discussed whether Defendants would oppose Ms. Bello's deposition in this case, Plaintiff worked to contact Ms. Bello and obtain her agreement to sit for a deposition. The fact that Defendants ultimately succeeded in establishing contact with Ms. Bello does not undermine the above. Simply put, Plaintiff served Ms. Bello first and has sought her deposition from the start of this case, while Defendants deemed it unnecessary for months. On that basis alone, the motion should be granted.

**II. Ms. Bello's Alignment with Defendants Should Entitle Plaintiff to Question Her First.**

Even under Defendants' own stated criteria for deposition priority—witness alignment—Plaintiff should proceed with questioning Ms. Bello first. Given Ms. Bello's past adverse testimony to Plaintiff and her current coordination with Defendants, this Court should find she is aligned with Defendants.

Courts in the Northern District have recently affirmed witness alignment as a critical factor in evaluating which party has priority over witness questioning. The party for whom the witness is expected to provide favorable testimony does not alone determine witness alignment; rather, the court may also consider the witness's past testimony and the party that controls, or has access to, the witness. *See* Ex. 3, *Hernandez v. Guevara*, No. 23-cv-01737 (N.D. Ill.), at Dkt. 98 (explaining that witness was not "aligned with one party simply because the witness will provide testimony favorable to that party" but because of witness's past testimony, coordination, and familiarity with that party); *see also* Ex. 4, *Rivera v. Guevara*, No. 23-cv-01743 (N.D. Ill.), at Dkt. 80 (allowing

4

plaintiff to question witnesses first because they were adverse and not in his control). If a party controls a witness, "then fairness requires giving the party without access the option to go first" with questioning. *Hernandez*, No. 23-cv-01737 (Ex. 3).

Indeed, even where a plaintiff has obtained a favorable declaration from a third-party witness, that witness is not necessarily aligned with plaintiff if he is unable to obtain his or her cooperation. Such was the case in *Martinez v. Guevara*, No. 23-cv-1741 (N.D. Ill.), as the plaintiff sought to question a key third-party witness first. The plaintiff maintained that the witness was adverse, despite her affidavit in his favor, because of her testimony against the plaintiff at his criminal trial, and her more recent refusal to cooperate with the plaintiff's counsel. The court agreed, finding that she was not a witness in the plaintiff's control, and issued an order granting the plaintiff priority over her deposition questioning. *See* Ex. 5, *Martinez v. Guevara*, No. 23-cv-1741 (N.D. Ill.), at Dkt. 124.

Here, all of the above weighs in Plaintiff's favor. To start, Ms. Bello provided a witness statement implicating Plaintiff in the crime and testified against him at his criminal trial. Specifically, Ms. Bello testified that she handed a gun to Plaintiff the night of the shooting, at Maysonet's behest, watched Plaintiff load it with bullets, and place it under his shirt. *See* Ex. 6 (Rosa Bello Testimony). More recently, in her October 2021 deposition as part of the *Maysonet* civil case, Ms. Bello maintained that this testimony was truthful. *See* Ex. 7 at 13:15-15:7 (Rosa Bello Deposition Testimony) ("Q: When you testified back in March 26 of 1992 in a case People versus Alfredo Gonzalez, did you tell the truth? A: Yes, I told the truth."). Finally, her refusal to respond to Plaintiff's communications and current cooperation with Defendants provides every indication that she will testify in favor of Defendants, as she did in Maysonet's case.

5

Because Ms. Bello provided a witness statement implicating Plaintiff in the crime, testified against Plaintiff at his criminal trial, stood by that testimony in her October 2021 deposition in the *Maysonet* case, has refused to respond to Plaintiff's communications, and is currently coordinating with Defendants, this Court should find her aligned with Defendants. It follows that Plaintiff should be permitted to question her first.

### III. The Equities Favor Plaintiff Questioning these Witnesses First.

Considering the equities at stake, Plaintiff should also get to question Ms. Bello first. First, Plaintiff bears the burden of proof, and intends to call Ms. Bello in his case-in-chief at trial, cross-examining her where necessary about her past statements procured during Defendants' investigation. Federal Rule of Civil Procedure 30(c) dictates that "[t]he examination and cross examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). In *Flores v. Guevara*, No. 23-cv-01736 (N.D. Ill.), the court underscored this factor, reasoning that the plaintiff was entitled to priority over the witnesses at their depositions because "[t]he simple fact is that if these witnesses were available for trial, [the plaintiff's] counsel would question them first. I see no reason why the taking of testimony by deposition should proceed otherwise." Dkt. 64 (Ex. 8). So too here, Plaintiff should be permitted to question Rosa Bello first at her deposition.

Second, Plaintiff should be allowed to question Ms. Bello first because it will aid the jury's comprehension of the evidence at trial. In the event that she is unavailable for trial, which may very well be the case as Ms. Bello resides out-of-state and she has previously indicated she will not come to trial in Illinois, her deposition testimony will be read at trial in lieu of live testimony. If Defendants have questioned first, and Plaintiff second, then the testimony will be backwards and will need to be heavily edited for trial. In such circumstances, judges in this District repeatedly have allowed plaintiffs to question witnesses first, even when they have not first served them or

6

noticed their depositions. *E.g., Walker v. Burge*, No. 21 C 4231 (N.D. Ill.), Dkt. 222 (joint statement of dispute) & Dkt. 223 (Order of July 7, 2023); *Rivera v. Guevara*, No. 12 C 4428 (N.D. Ill.), Trans. of March 12, 2013 Hrg. & Dkt. 54 (Order of March 12, 2013).

In *Flores*, Judge Tharp noted that conducting the deposition questioning in parallel to how the eventual trial would proceed would "enhance clarity and comprehension." *See* Ex. 8. In *Rivera*, Judge Rowland specifically focused on the plaintiff's burden to prove his case and on the importance of the third-party witness at issue over all other collateral issues. *See* Dkt. 54 at 14:10-12 (finding that despite the fact defendants first served the deposition subpoena, the Court was "really concerned that [Plaintiff] has the burden [] and [this witness was] going to be probably the most important witness in the case."). *See also Rivera v. Guevara*, No. 23-cv-01743 (Ex. 4) (allowing the plaintiff to question witnesses first because "their testimony needs to be memorialized by Plaintiff in the event they are unavailable for trial"). Accordingly, Plaintiff should have priority to question Ms. Bello first.

## CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court grant Plaintiff priority over Rosa Bello's deposition and allow him to proceed first with questioning.

RESPECTFULLY SUBMITTED,

/s/ Annie Prossnitz
*Counsel for Plaintiff*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900

7

prossnitz@loevy.com

8

**CERTIFICATE OF SERVICE**

  I, Annie Prossnitz, an attorney, hereby certify that on April 1, 2024, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*

**ATTORNEY CERTIFICATION**

I, Annie Prossnitz, an attorney, hereby certify that on March 15, 2024, the parties met via videoconference to discuss, among other discovery matters, Plaintiff's request to proceed first during in questioning Rosa Bello at her deposition. The parties agreed that they were at impasse and Plaintiff informed Defendants of his intention to file a motion for priority over Ms. Bello's deposition.

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*