IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ALFREDO GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| REYNALDO GUEVARA, JOANN ) | |
| HALVORSEN as PERSONAL ) | Case No. 22-cv-06496 |
| REPRESENTATIVE of the ESTATE OF ) | |
| ERNEST HALVORSEN, EDWARD ) | Hon. Judge John F. Kness |
| MINGEY, STEVEN GAWRYS, LEE ) | |
| EPPLEN, FERNANDO MONTILLA, ) | Hon. Judge Heather K. McShain |
| ROLAND PAULNITSKY, RICHARD ) | |
| SCHAK, ROBERT SMITKA, JENNIFER ) | |
| BOROWITZ, FRANK DiFRANCO, JOHN ) | |
| PERKAUS, the CITY OF CHICAGO, and ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO QUASH DEFENDANTS'
SUPPLEMENTAL SUBPOENA SEEKING PLAINTIFF'S RECORDED CALLS**

Plaintiff, ALFREDO GONZALEZ, by his attorneys, Loevy & Loevy, respectfully replies in support of his Motion to Quash Defendants' Supplemental Subpoena for Plaintiff's Recorded Calls (Dkt. 157) as follows:

1. In their Response to Plaintiff's Motion to Quash the Supplemental Subpoena for IDOC Calls, Defendants concede that there will "likely be irrelevant calls in the targeted *net Defendants have cast*." Dkt 161 at 13 (emphasis added). Such an admission confirms what Plaintiff has insisted upon from the start: Defendants are casting a wide net into personal calls with friends and family in the hopes of catching a most unlikely fish: a self-incriminating call. And they are eager to wade through 750 hours' worth of phone calls to do so. *Id.* at 8. The

Seventh Circuit has been clear that this type of fishing expedition is prohibited, and this Court should reject Defendants' attempt here. *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971 (7th Cir. 1996) ("discovery is not to be used as a fishing expedition").

2. Defendants argue that it is Plaintiff's burden to demonstrate that the discovery sought is irrelevant or that his privacy interests outweigh the discovery's relevance. Dkt. 161 at 7. Defendants' reading of the law is mistaken. Federal Rule of Civil Procedure 26 instructs that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating a motion to quash a third-party subpoena, the Court will "weigh the relevance of the information against the strength of the privacy interest." *Pursley v. City of Rockford*, No. 18-cv-50040, 2020 WL 1433827, at *2 (N.D. Ill. Mar. 24, 2020).

3. Plaintiff has satisfied his burden here, explaining why access to 750 hours of his personal and intimate conversations would invade his privacy interest. *See* Dkt. 157 at 7-8. But Defendants have not satisfied theirs. Though they repeatedly urge that these phone calls are "relevant," *see e.g.* Dkt. 157 at 9, they fail to connect the calls to any specific claim or defense at issue in this case. By their definition, every single call with Plaintiff's family would be deemed relevant for damages purposes. More is needed to justify the incursion on Plaintiff's privacy interest, especially when Defendants have already obtained 84 of Plaintiff's calls, an expedition that resulted in no fish, but rather a hope that hundreds of hours of additional calls will finally produce a bite. *See McClendon v. City of Chicago*, 345 F.R.D. 322, 327 (N.D. Ill. 2024) (granting motion to quash phone calls in which the plaintiff had testified he had been framed because the defendants did not "offer[] any specific reasons these calls may be relevant" beyond a general argument that Plaintiff told these individuals about his arrest). Again, even if Plaintiff

discussed his criminal case, Detective Guevara, his post-conviction proceedings, and his plan to file a civil case in these phone calls, it would not be enough to warrant an overbroad subpoena, given that Defendants have not articulated a clear theory of their relevance, or a targeted request that would not place a tremendous burden on Plaintiff to review so many calls at the eleventh hour of fact discovery.

      WHEREFORE, Plaintiff respectfully requests that this Court quash Defendants' subpoena for Plaintiff's recorded calls.

**RESPECTFULLY SUBMITTED**,

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
prossnitz@loevy.com

3

## **CERTIFICATE OF SERVICE**

I, Annie Prossnitz, an attorney, hereby certify that on April 9, 2024, the foregoing motion was electronically filed, which effected service on all counsel of record.

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*

4