IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ALFREDO GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) Case No. 22 CV 06496 |
| | ) |
| v. | ) Hon. Judge John F. Kness |
| | ) |
| REYNALDO GUEVARA, et al. | ) Hon. Magistrate Judge Heather K. McShain |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## DEFENDANTS' UNOPPOSED MOTION
## FOR A LIMITED FACT DISCOVERY EXTENSION

Defendants, by their undersigned attorneys, move under Federal Rule of Civil Procedure 16(b)(4) for a 60-day limited fact discovery extension targeted at four topics, and state:

### INTRODUCTION

Discovery closes on June 28, 2024, but three topics require additional discovery because of the timing of disclosures. In short, first, to complete discovery regarding Plaintiff's medical and mental health damages. Second, to obtain records related to Eduardo "Yuma" Ramirez, who has knowledge of an alleged drug enterprise between Guevara and Plaintiff's criminal codefendant, Jose Maysonet. Third, to assess whether to depose the medical provider of Plaintiff's alibi witness, Maria Rivera, who claims her first of two depositions in this matter was affected by a serious medical incident. Although this is the fourth request to extend fact discovery, it should be granted because it is limited to completing the above discovery and was not caused by any lack of diligence of Defendants.

### DISCUSSION

Plaintiff filed a 12-count civil rights complaint against the City of Chicago, six individual Chicago Police Officers, and three Assistant State's Attorneys on November 18, 2022, (Compl.,

Dkt. 1), that was last amended on July 11, 2023, (2nd Am. Compl., Dkt. 107), for claims arising out of his arrest, prosecution, and conviction for the May 25, 1990, murders of Torrence and Kevin Wiley.

Discovery was initially set to close on December 11, 2023, (Scheduling Order, Dkt. 69.), but that deadline was extended three times as the parties continued to supplement written discovery, conduct depositions, and issue subpoenas based on information learned from those discovery responses and depositions. (*See* 1st Mot. to Extend, Dkt. 142; Dkt. 143, Order (moving deadline to February 29, 2024); 2nd Mot. to Extend, Dkt. 155; Order, Dkt. 156 (moving deadline to May 31, 2024).)

When requesting the third and latest extension that this Court granted—setting closure to its current June 28 deadline—Defendants explained that additional time was needed to complete six areas of fact discovery. (3rd Mot. to Extend, Dkt. 171, Order, Dkt. 172.) As the June 28 deadline approaches, not all of this discovery is complete. To illustrate, below is a list of those six areas of discovery and their status, *i.e.*, whether it is "in progress" or "completed."

1. Obtain and review records from two of Plaintiff's medical providers and assess if additional discovery was necessary. **[in progress]**
2. Locate and serve Plaintiff's disclosed 404(b) witness, Wilfredo Rosario.[1] **[completed]**
3. Depose Plaintiff. **[completed]**
4. Depose Eduardo "Yuma" Ramirez, a key witness, and assess if additional discovery was necessary. **[in progress]**
5. Depose former CPD detective Raymond Schalk. **[completed]**
6. Review recently obtained medical records from Plaintiff's alibi witness, Maria Rivera, who suffered from a medical event that may have affected her deposition testimony, and assess if additional discovery was necessary. **[in progress]**

In all, three areas of discovery remain in progress (described further below), which Defendants anticipated as a potential issue in their last motion to extend fact discovery because, as noted, Defendants did not know "what, if any, follow-up discovery may be necessitated"

---

[1] Plaintiff has agreed to withdraw Rosario based on the parties' inability to locate him.

2

based on the records received and the testimony of the witnesses who remained to be deposed. (*See* 3rd Mot. to Extend, Dkt. 171, ¶ 19.)

<u>First, Plaintiff's medical and mental records:</u> This is a critical area of discovery because Plaintiff is alleging significant medical and mental damages, including that Defendants' alleged misconduct caused medical issues relating to his back, shoulder, stomach, and genitalia. In pursuit of this relevant information, Defendants are:

- Rescheduling the deposition of Plaintiff's primary care physician, Dr. Gaziano. Defendants served a deposition subpoena on Dr. Gaziano, who has treated Plaintiff for the injuries allegedly caused by Defendants and prescribed him multiple medications allegedly related thereto. This deposition was set for June 26—within the current deadline—but Dr. Gaziano's assistant requested that the deposition be rescheduled. Defendants are still waiting to hear back from Dr. Gaziano's assistant as to these issues.
- Awaiting responses to record subpoenas Defendants issued to Plaintiff's two medical providers.

Defendants also just learned of a new mental health treater yesterday (June 27, 2024) in an email from Plaintiff's counsel. Although Plaintiff identified a mental health provider that he sought treatment from related to his injuries in his June 13th deposition, he was unable to provide the correct name. Counsel for the Defendant Officers followed up with Plaintiff's counsel on the treaters correct name on June 16 and June 24, however his counsel just provided the correct name.[2] Accordingly, Defendants will be subpoenaing this new treater. Additionally, considering the delay in identifying medical treaters and confusion about names of treaters, Defendants plan to subpoena Plaintiff's health insurer that should identify all relevant treaters.

---

[2] Defendants issued interrogatories when discovery began that requested information about Plaintiff's medical and mental health providers. As detailed in Defendants' prior motions for extensions, this information was not provided until April of this year. Defendants learned for the first-time during Plaintiff's deposition that Plaintiff was being treated by a mental health professional, as well as an in-home nurse. Plaintiff identified the in-home nurse as "Christine," but as with his other treaters, did not know her last name, or what company or medical provider she was affiliated with.

3

Second, Plaintiff's disclosed witness Edwardo "Juma" Ramirez: As noted in Defendants' last motion for an extension, Plaintiff disclosed and simultaneously noticed up the deposition of Ramirez on April 29. (*See* 3rd Mot. to Extend, Dkt. 171, ¶ 14.) For brief context, in Plaintiff's Complaint, he alleges that his criminal codefendant and fellow Latin King, Jose Maysonet, was involved in an undisclosed criminal drug enterprise with Defendant Guevara. (*See* Pl. 2nd Am. Compl., Dkt., XX, ¶¶ 51–59.) Maysonet and Plaintiff both claim that Ramirez has knowledge of this drug enterprise.

Although Ramirez was deposed on June 20, before his deposition, Defendants issued subpoenas to Ramirez, the Illinois Department of Corrections, and the Federal Bureau of Prisons requesting information about Ramirez. But Plaintiff's counsel asserted a blanket objection to these subpoenas. Defendants requested a Rule 37.2 conference before Ramirez's deposition proceeded, but Plaintiff stated that he could not confer until after the deposition. Defendants are still waiting to confer with Plaintiff's counsel so they can issue these subpoenas.

In addition, Mr. Ramirez testified to knowing and/or having close relationships with "Fro" (another of Plaintiff's and Maysonet's co-defendants in the underlying criminal matter), and at least one of Plaintiff's other disclosed 404(b) witnesses, Samuel Perez. Defendants ordered, and require time to review once received, Mr. Ramirez's testimony to determine if these individuals need to be deposed.

Third, the timing of Maria Rivera's (Plaintiff's alibi witness) serious medical issue: When Ms. Rivera was initially deposed, her deposition needed to be continued because of scheduling issues and then she suffered a serious medical incident that delayed the reconvening of her deposition. When she had recovered and her deposition reconvened, she testified that she had suffered her serious medical issue during her first deposition, so her prior testimony was not

4

reliable. Defendants conferred with Plaintiff and agreed to a limited subpoena for Ms. Rivera's medical records to investigate the timing of her serious medical issue and claims made in her deposition. Defendants received medical records relating to Rivera's serious medical incident that seem to contradict the timing of the serious medical incident and plan to discuss with Plaintiff's counsel whether she will withdraw her claim or whether Defendants need to depose her physician. While Defendants would prefer not to do discovery of a witness's medical situation, the importance of the timing of this serious medical issue cannot be understated because if Ms. Rivera is to be believed, then the entirety of the testimony in her first deposition could be considered unreliable.

In addition, counsel for Defendants have been continuing to brief initial summary judgment motions and/or responses in large *Guevara* reversed conviction cases including in the following cases: *Maysonet v. Guevara* (Plaintiff's sister case), 18-cv-2342, *Iglesias v. Guevara*, 19-cv-6508, *Johnson v. Guevara*, 20-cv-4156.

Before filing this motion, on June 27 and 28, 2024, counsel for the defendant officers, Allison L. Romelfanger and David Brueggen, conferred with counsel for Plaintiff, Sean Starr, to discuss the relief sought in this motion and sent email correspondence providing the specific details of what additional discovery necessitates the extension. At that time, Plaintiff indicated the motion could be filed as unopposed. Therefore, Defendants request for a 60-day extension up to and including August 27, 2024, is reasonable and not brought for delay. Indeed, it is to ensure that both parties can conduct the necessary discovery to support their claims and defenses, and thus, this extension will not cause any party prejudice.

WHEREFORE, Defendants request a limited fact discovery extension up to and including August 27, 2024, and any other relief this Court deems proper.

Dated: June 28, 2024

/s/Allison L. Romelfanger
Allison L. Romelfanger, Atty No. 6310033
*Special Assistant Corporation Counsel for Defendants Mingey, Epplen, Montilla, Paulnitsky, Schak, Yanow & Gawrys*

James G. Sotos
David A. Brueggen
Josh M. Engquist
Allison L. Romelfanger
Kyle T. Christie
Elizabeth R. Fleming
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., 1240A
(630) 735-3300
aromelfanger@jsotoslaw.com

/s/Timothy Scahill
Timothy Schaill, Atty No. 6287296
*Special Assistant Corporation Counsel for Defendant Guevara*

Timothy Scahill
Steve Borkan
Molly E. Boekeloo
Whitney N. Hutchinson
Graham P. Miller
Emily E. Schnidt
Christiane E. Murray
20 South Clark Street, Suite 1700
Chicago, IL 60603
312-580-1030
tscahill@borkanscahill.com

Respectfully submitted,

/s/Austin Rahe
AUSTIN RAHE, Atty. No. 6317608
*Special Assistant Corporation Counsel for Defendant City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren Ferrise
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, IL 60606
(312) 494-1000
arahe@rfclaw.com

6

/s/Michael Iasparro
MICHAEL IASPARRO, Atty. No. 6275169
*One of the Attorneys for Jennifer Borowtiz,*
*Frank DiFranco, and John Perkaus*

Michael F Iasparro
James M. Lydon
Michael C. Stephenson
Hinshaw & Culbertson
100 Park Avenue
Rockford, IL 61105
815-490-4945
miasparro@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I, Allison L. Romelfanger, certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on **Friday, June 28, 2024**, I electronically filed the foregoing **Defendants' Unopposed Motion for a Limited Fact Discovery Extension** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

*Attorneys for Plaintiff Alfredo Gonzalez:*

Sean Starr
Anand Swaminathan
Steve Art
Annie Prossnitz
Loevy & Loevy
311 N. Aberdeen St. 3rd Fl.
Chicago, IL 60607
312-243-5900
sean@loevy.com
anand@loevy.com
steve@loevy.com
prossnitz@loevy.com

*Attorneys for Defendant Reynaldo Guevara:*

Timothy Scahill
Steve Borkan
Molly E. Boekeloo
Whitney N. Hutchinson
Graham P. Miller
Emily E. Schnidt
Christiane E. Murray
20 South Clark Street, Suite 1700
Chicago, IL 60603
312-580-1030
tscahill@borkanscahill.com
sborkan@borkanscahill.com
mboekeloo@borkanscahill.com
whutchinson@borkanscahill.com
gmiller@borkanscahill.com
eschnidt@borkanscahill.com
cmurray@borkanscahill.com

*Attorneys for Defendants Jennifer Borowitz and Frank DiFranco:*

James Matthias Lydon
Michael Charles Stephenson
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3561
jlydon@hinshawlaw.com
mstephenson@hinshawlaw.com

Michael F Iasparro
Hinshaw & Culbertson
100 Park Avenue
Rockford, IL 61105
815-490-4945
miasparro@hinshawlaw.com

*Attorney for Defendant John Perkaus:*

James Matthias Lydon
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3561
jlydon@hinshawlaw.com

*Attorneys for Defendant City of Chicago:*

Eileen Ellen Rosen
Austin Gordon Rahe
Catherine Macneil Barber
Lauren M. Ferrise
Theresa Berousek Carney
Rock, Fusco & Connelly
333 West Wacker Drive
Ste 19th Floor

Chicago, IL 60606
312-494-1000
erosen@rfclaw.com
arahe@rfclaw.com
cbarber@rfclaw.com
lferrise@rfclaw.com
tcarney@rfclaw.com

***Attorneys for Defendant Cook County:***

Elizabeth Francine Brogan
Joseph Anthony Hodal
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
312-603-3151
elizabeth.brogan@cookcountyil.gov
joseph.hodal@cookcountyil.gov

/s/ Allison L. Romelfanger
Allison L. Romelfanger

**ATTORNEY CERTIFICATION**

I, Allison L. Romelfanger, an attorney, hereby certify that on June 27 and 28, 2024, counsel for the defendant officers, Allison L. Romelfanger and David Brueggen, conferred with counsel for Plaintiff, Sean Starr, to discuss the relief sought in this motion and sent email correspondence providing the specific details of what additional discovery necessitates the extension. At that time, Plaintiff indicated the motion could be filed as unopposed.

/s/ Allison L. Romelfanger
Allison L. Romelfanger